UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **MARK GILL,**<br>    Plaintiff,<br><br>vs.<br><br>**DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 through 10, inclusive,**<br>    Defendant. | Civil Action No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Mark Gill an individual consumer, against defendant Diversified Collection Services, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibit debt collectors from engaging in deceptive acts and practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, Mark Gill is a consumer, a natural person allegedly obligated to pay any debt, residing in Broward County in the state of Florida.

4. Defendant, Diversified Collection Services, Inc. is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, in the state of California. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to July 11, 2012.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant threatened to both garnish Plaintiff itself, and sue him itself, when it cannot do so.

10. Upon information and belief, within one year prior to the filing of this complaint, Defendant mislead Plaintiff, by demanding payment from Plaintiff in communications that were within the first thirty days from the first initial communication with Plaintiff without also stating that

Plaintiff still had an opportunity to dispute and/or seek validation for the alleged debt; overshadowing Plaintiff's rights to dispute and/or seek validation for the alleged debt.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in him feeling stressed, amongst other negative emotions.

### V.   FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

    (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Mark Gill for actual damages, statutory damages, and costs and attorney fees.

## VI.    SECOND CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendant violated the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA").  Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *559.72(7)* of the FFDCPA by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor.

17. Defendant's acts as described above were done intentionally with the purpose of getting payment from Plaintiff for the alleged debt.

18. As a result of the foregoing violations of the FFDCPA, Defendant is liable to the plaintiff Mark Gill for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE,** Plaintiff Mark Gill respectfully requests that judgment be entered against defendant Diversified Collection Services, Inc. for the following:

> A. Actual damages.
>
> B. Statutory damages.
>
> C. Costs and reasonable attorney fees.
>
> D. For such other and further relief as the Court may deem just and proper.

///

///

///

///

DATED: September 24, 2012

>RESPECTFULLY SUBMITTED,
>By: /s/ Benjamin H. Crumley
>Benjamin H. Crumley, Esq.
>Florida Bar No. 018284
>Crumley & Wolfe, P.A.
>2254 Riverside Avenue
>Jacksonville, FL 32204
>Phone: (904) 374-0111
>Fax: (904) 374-0113
>Email: ben@cwbfl.com

## *DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Mark Gill demands trial by jury in this action.